IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RUSSELL EUGENE SCHLEINING,                          CV. 09-1087-MA

          Petitioner,                          OPINION AND ORDER

    v.

J.E. THOMAS, Warden, FCI
Sheridan,

          Respondent.

STEPHEN R. SADY
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

DWIGHT HOLTON
United States Attorney
District of Oregon
JAMES E. COX, Jr.
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent


MARSH, Judge

    Petitioner Russell Eugene Schleining, an inmate at FCI

Sheridan, brings this petition for writ of habeas corpus pursuant

1 - OPINION AND ORDER

to 28 U.S.C. § 2241.  Petitioner challenges the Bureau of Prisons'
(BOP) calculation of his good conduct time (GCT) credit.  For the
reasons set forth below, the petition is DENIED.

**BACKGROUND**

Petitioner was arrested by Montana state authorities on
September 2, 2003.  Petitioner was held in state custody on state
charges until November 12, 2003, when he pleaded guilty to
burglary, attempted burglary, possession of narcotics, and
possession of drug paraphernalia.  Petitioner was sentenced to a
total of 10 years imprisonment, with five years suspended.

On June 2, 2004, a federal grand jury indicted petitioner on
three counts relating to the possession of firearms found during
his arrest on the state charges.  On January 25, 2005, petitioner
was brought into federal custody pursuant to a writ of habeas
corpus ad prosequendum.  On April 8, 2005, petitioner pleaded
guilty in the United States District Court for the District of
Montana to one count of Felon in Possession of a Firearm.

On July 8, 2005, the Honorable Donald W. Malloy, United States
District Judge for the District of Montana, conducted a sentencing
hearing.  At the hearing, Judge Malloy indicated that he wanted to
apply U.S.S.G. § 5G1.3 to credit petitioner for his time served in
state custody.  Judge Malloy offered the following explanation:

The guideline range, as I said, is 92 to 115 months. And
I can fashion a sentence that is appropriate, I believe,
for giving you credit for the time that you've been in
the state and then making this sentence run concurrent
with the state sentence, which I intend to do.

...

Pursuant to 18 U.S. Code section 3553 and having
considered the advisory guidelines, . . . it is my
judgment that Russell Eugene Schleining be committed to
the custody of the Bureau of Prisons for a term of 94
months.

This is a reflection of my determination that an
appropriate sentence is 115 months but with the
application of 5G1.3, giving you credit for the time that
you've been serving in the state, that reduces it down to
94 months. (Kelly Dec. (#-) Att. 2, p. 40-41.)

The judgment reflects an imprisonment term of 94 months, to be

served concurrently with petitioner's state sentences. (Kelly Dec.

(#10) Att. 1, p. 2.)

Following federal sentencing, petitioner was returned to state

custody.  Petitioner entered federal custody on February 21, 2007,

following the expiration of his state sentence.  Petitioner's

federal sentence commenced on July 8, 2005, the date it was

imposed.  18 U.S.C. § 3585(a); (Kelly Dec. (#10) Att. 2, p.3.).

The BOP has calculated petitioner's GCT credit based on a 94 month

sentence, which provides petitioner with a GCT credit of 368 days

and a projected release date of May 4, 2012.  Petitioner seeks

habeas relief in the form of 82 additional days of GCT credit for

the 21 months he served in state custody prior to beginning his

federal sentence.

## DISCUSSION

Petitioner advances several arguments challenging the BOP's calculation of his GCT credit.  First, petitioner contends that his federal sentence was actually 115 months, but he was credited for 21 months of time served in state custody, thus his GCT should be calculated based on the full 115 months.  Second, petitioner argues that the correct interpretation of a "prisoner's sentence" under 18 U.S.C. § 3624(b) demonstrates that his sentence is actually 115 months, and that he must receive GCT credit for time adjusted under U.S.S.G. § 5G1.3.  And third, petitioner submits that because he would have been eligible for more GCT credits if his federal sentence had been imposed earlier, the rule of lenity and equal protection concerns mandate awarding him GCT credit on a 115 month sentence.

Respondent contends that the BOP's interpretation of § 3624(b) is reasonable and that habeas relief must be denied.  Respondent is correct.

**I.    Petitioner's Sentence.**

Petitioner argues that the sentence imposed by Judge Malloy must be the 115 month term because it, not the adjusted 94 month term, is the sentence which comports with 18 U.S.C. § 3553(a). According to petitioner, because Judge Malloy indicated that 115 months was the appropriate amount of punishment, that sentence alone comports with § 3553(a) and <u>United States v. Carty</u>, 520 F.3d

984, 992-93 (9th Cir.), <u>cert. denied</u>, 553 U.S. 1061 (2008). Petitioner also suggests that there is a discrepancy between Judge Malloy's oral sentence and the written judgment. Petitioner's arguments concerning § 3553(a) miss the mark.

First, petitioner's argument that his sentence must be 115 months because it is the only one which comports with § 3553(a) is simply not supported by a fair reading of <u>Carty</u>. As recognized in <u>Carty</u>, § 3553(a) requires that a sentence be "sufficient, but not greater than necessary" to achieve sentencing goals, and be substantively reasonable. 520 F.3d at 991. However, petitioner does not directly challenge the substantive reasonableness of his sentence in this proceeding. <u>See</u> <u>United States v. Autery</u>, 555 F.3d 864, 871 (9th Cir. 2009)(examining substantive reasonableness of sentence on direct appeal). Furthermore, petitioner fails to explain how his 94 month sentence runs afoul of § 3553(a).

Second, as quoted above, the hearing transcript clearly reveals that Judge Malloy sentenced petitioner to a term of 94 months, to run concurrently with his state conviction. The 94 month concurrent sentence is plainly reflected in the written judgment; no discrepancy exists. <u>Cf.</u> <u>United States v. Orlando</u>, 553 F.3d 1235, 1240 (9th Cir. 2009), <u>cert. denied</u>, 129 S.Ct. 2748 (2009).

////

////

## II.  The BOP's Calculation of GCT Credits.

The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed is delegated to the Attorney General, who acts through the BOP.  United States v. Wilson, 503 U.S. 329, 334-35 (1992).  To compute a federal sentence, the BOP engages in a two-step process: (1) determining when the federal sentence commences, and (2) whether there are any credits to which the prisoner may be entitled.[1]  18 U.S.C. § 3585; Hasan v. Sniezek, 2010 WL 1841878, *2 (3rd Cir. 2010); Crampton v. Thomas, 2009 WL 1974481 (D. Or. July 7, 2009).

The BOP is entrusted to assess GCT credits for inmates under 18 U.S.C. § 3624(b).  Pacheco-Camacho v. Hood, 272 F.3d 1266, 1267 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002); United States v. Evans, 1 F.3d 654, 654 (7th Cir. 1993).  Section 3624(b) provides in relevant part:

> a prisoner . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

---

[1]The issue in this case is the time frame for which petitioner is eligible for GCT under the statute.  There is no question that the BOP has the authority to evaluate petitioner's conduct to determine the amount of GCT that petitioner has actually earned.  18 U.S.C. § 3624(b).

In its discretion, the BOP has interpreted § 3624(b) to authorize GCT credit for the time that an inmate actually serves on the federal sentence, beginning on the date the federal sentence is imposed. Crampton, 2009 WL 1974481 at *3; Ross v. Fondren, 2008 WL 4745671, *3 (D. Minn. Oct. 29, 2008); Pacheco-Camacho, 272 F.3d at 1269. Indeed, the federal sentence "'commences on the date the defendant is received in custody' at the 'official detention facility at which the sentence is to be served.'" Reynolds v. Thomas, 603 F.3d 1144, 1150 (9th Cir. 2010)(quoting 18 U.S.C. § 3585(a)). A federal sentence cannot commence prior to the date it is imposed. Crampton, 2009 WL 1974481 at *2; See United States v. Gonzales, 192 F.3d 350, 353 (2nd Cir. 1999)(a federal court cannot "backdate" a federal sentence; rather the court must give credit under § 5G1.3).

Petitioner challenges the BOP's interpretation of § 3624(b) to award GCT credit only for the time spent in federal custody. The BOP's method of calculating GCT credit under § 3624(b) based on "time served" and not the "sentence imposed" was upheld recently by the United States Supreme Court in Barber v. Thomas, 130 S.Ct. 2499 (2010). Petitioner insists that he is not challenging the BOP's calculation of GCT credits based on his time served, but instead is challenging the definition of a "prisoner's sentence" under § 3624(b). According to petitioner, his "sentence" includes the time adjusted under U.S.S.G. § 5G1.3.

Respondent submits that petitioner's federal sentence began on July 8, 2005, the date it was imposed, and that the BOP correctly began calculating GCT credits based on petitioner's time served on his federal sentence, consistent with 18 U.S.C. §§ 3585(a), 3624(b) and the decision in <u>Barber</u>.

When assessing an agency's interpretation of a statute it administers, the court must first determine whether the statute itself has a plain and unambiguous meaning. <u>Pacheco-Camacho</u>, 272 F.3d at 1268; <u>Royal Foods Co. v. RJR Holdings, Inc.</u>, 252 F.3d 1102, 1006 (9th Cir. 2001). If congressional intent is clear, the court need look no further. However, if the statute is ambiguous, this court must defer to the agency's reasonable interpretation unless it is arbitrary, capricious, or manifestly contrary to the statute. <u>Chevron, U.S.A. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 843 (1984).

As long as an agency's construction of a statute is reasonable, the court will not substitute its judgment for that of the agency. <u>Id.</u>; <u>Mujahid v. Daniels</u>, 413 F.3d 991, 997 (9th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1149 (2006); <u>Pacheco-Camacho</u>, 272 F.3d at 1270. When assessing reasonableness, the court need only to conclude that the agency's interpretation is a permissible construction of the statute. <u>Pacheco-Camacho</u>, 272 F.3d at 1270; <u>Crampton</u>, 2009 WL 197441 at * 3.

There has been much litigation surrounding the interpretation of § 3624(b), and courts have repeatedly determined that the statute is ambiguous and that the BOP's calculation of GCT credits is reasonable and lawful. See, e.g., Barber, 130 S.Ct. at 2504; Pacheco-Camacho, 272 F.3d at 1268 (determining that § 3624(b) is ambiguous as to whether GCT credits should be based on time served or sentence imposed); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005)(same).

I find the BOP's interpretation of § 3624(b) to award GCT credit only for the actual time served on the federal sentence supported by the text of § 3624(b). Section 3624(b) creates a system where credit is earned "beginning at the end of the first year" for "exemplary compliance with institutional disciplinary regulations." It is reasonable for the BOP to calculate GCT credits based upon the time served by a prisoner on the federal sentence, beginning on the date the federal sentence commences. See 18 U.S.C. § 3585(a). The BOP's construction of § 3624(b) is a permissible one, and therefore is entitled to deference. Chevron, 467 U.S. at 844; Pacheco-Camacho, 272 F.3d at 1260.

In a substantially similar case in this court, the Honorable Anna J. Brown determined that "[c]omputing GCT credits based upon actual time served in BOP custody accords with the language of the statute, which allows [a] prisoner to earn good time credits 'toward the service of the prisoner's sentence . . . beginning at

9 - OPINION AND ORDER

the end of the first year of the term.'" <u>Crampton v. Thomas</u>, 2009
WL 1974481 at *3 (quoting 18 U.S.C. § 3624(b)).

    In <u>Crampton</u>, the petitioner was sentenced in federal court to
a term of 171 months imprisonment in federal court.  At the
sentencing, the court noted a mandatory minimum of 180 months, but
gave the petitioner a nine month departure under § 5K2.23 for a
discharged term of imprisonment in state custody for relevant
conduct, resulting in a 171 month federal sentence.  The petitioner
contended that he should be awarded GCT credit  based on the 180
month term.  <u>Id.</u> at *1-2.  Judge Brown concluded that the BOP's
construction of § 3624(b), which calculates GCT credits beginning
at the commencement of the federal sentence, was reasonable.  <u>Id.</u>
at *4.

    Petitioner attempts to distinguish <u>Crampton</u> on the basis that
it involved a *discharged* state sentence and a downward departure
under § 5K2.23, while this case entails an *undischarged* state
sentence and an adjustment under § 5G1.3.  I disagree that such
differences warrant a different outcome.  As correctly noted in
<u>Crampton</u>, a federal sentence cannot commence prior to the date it
is imposed, a fact that is unaffected by whether the state sentence
is discharged or undischarged.  And, application of either § 5K2.23
or § 5G1.3 results in the defendant receiving a shortened federal
sentence based on his time served in state custody.  I am persuaded
by the sound reasoning in <u>Crampton</u>.

10 - OPINION AND ORDER

Petitioner urges this court to follow an earlier decision by this court in Kelly v. Daniels, 469 F.Supp.2d 903 (D.Or. 2007). In Kelly, Magistrate Judge Janice M. Stewart granted habeas relief in a similar situation. However, the Crampton court distinguished Kelly and concluded that BOP's calculation of GCT credits was reasonable. I agree with the analysis in Crampton and similarly conclude that the BOP's determination that GCT credits are unavailable for petitioner's time spent in state custody prior to commencement of his federal sentence is a reasonable interpretation of § 3624(b). See also Green v. United States, 2009 WL 2982864 (N.D. Ohio Sept. 11, 2009)(similarly distinguishing Kelly).

I am not convinced by the contrary result reached in Lopez v. Terrell, 697 F.Supp.2d 549 (S.D.N.Y. 2010), upon which petitioner relies. In Lopez, the petitioner served eight years on drug offenses in state custody prior to being sentenced in federal court. At sentencing, the federal court noted an aggregate penalty of 132 months, with an adjustment of 94 months under § 5G1.3 for the petitioner's undischarged state sentence, resulting in a 38 month federal sentence, to be served concurrently. Id. at 568. There, the court concluded that the petitioner was entitled to GCT credit for the entire prison term, including the portion adjusted under § 5G1.3.

I respectfully disagree with the Lopez court's analysis. The Lopez court focused on 28 C.F.R. § 523.17(l), which provides that

the BOP may recommend an award of good time to a "pretrial detainee" who is "later sentenced on the crime for which he or she was in pretrial status." The <u>Lopez</u> court appeared troubled by the BOP's position in that case, in which the BOP acknowledged that it could award good time credit for pretrial detention under § 523.17(l), but refused to award GCT credit for the eight years prior to petitioner's federal sentence commencing under § 3624(b). <u>Id.</u> at 564. In this case, 28 C.F.R. § 523.17(l) simply is not at issue.[2]

Moreover, the weight of authority supports the BOP's interpretation of § 3624(b). Nearly every court that has addressed this issue has determined that the BOP's practice of awarding GCT credits based on the time served, beginning when the federal sentence commences, is reasonable. <u>Ross</u>, 2008 WL 4745671 (petitioner entitled to GCT on net federal sentence, after § 5G1.3 applied, beginning on the date the federal sentence is imposed; BOP interpretation of § 3624(b) reasonable); <u>Gouch v. Eichenlaub</u>, 2008 WL 2831250 (E.D. Mich. July 21, 2008)(same); <u>Hickman v. United States</u>, 2006 WL 20489 (S.D.N.Y. Jan. 4, 2006)(same); <u>Green</u>, 2009 WL

---

[2]Section 523.17(l), is part of the BOP regulations pertaining to "extra good time credit" for performing "exceptionally meritorious service or for performing duties of outstanding importance or for employment in an industry or camp." 28 C.F.R. § 523.10(a). It is unclear whether § 523.17(l) pertains to the standard GCT credits calculated under § 523.20. <u>See</u> <u>Lopez</u>, 697 F.Supp.2d at 564 (noting that the BOP failed to adequately explain its position under § 523.17(l)).

2982864 at *3 (awarding GCT credit based on time served on federal sentence, beginning on the date imposed, and not including time served on discharged state sentence, was reasonable interpretation of § 3624(b)); Schuschny v. Fisher, 2008 WL 5381493 (N.D.Fla. Dec. 19, 2008)(awarding no GCT credit on five month federal sentence, BOP's interpretation of § 3624(b) reasonable); Divito v. Wells, 2009 WL 2920847 (S.D.Ga. Sept. 8, 2009)(awarding GCT credit only for time spent in federal custody, not the total sentence imposed). See also Montalvo v. United States, 174 F.Supp.2d 10, 15 (S.D.N.Y. 2001)(petitioner not entitled to federal GCT credit for time spent in state custody, before his federal sentence began, "[n]othing in § 5G1.3© or its application notes suggests that this would be a proper sentencing determination"); United States v. Hilario, 449 F.3d 500, 501 (2nd Cir. 2006)(sentencing court properly refused to award GCT credits on federal sentence for previous time served in a Belgian prison on related charges).

Petitioner's reliance on United States v. Drake, 49 F.3d 1438, 1440-41 (9th Cir. 1995) is unavailing. In Drake, the Ninth Circuit determined that when § 5G1.3 applies to a concurrent sentence, the district court may consider the defendant's undischarged time in state prison when assessing whether the defendant will serve the mandatory minimum under 18 U.S.C. § 924(e). Petitioner submits that, like Drake, the time he spent in state custody also should constitute imprisonment "toward the service of his sentence" under

§ 3624(b), and that he should receive GCT credit for the time in state custody. The reasoning in Drake turns on the interpretation of "imprisonment" in § 924(e), and is inapplicable here. Drake does not address the BOP's authority to award GCT credits under § 3624(b), and has no bearing on when a federal sentence "commences" under § 3585. Cf. United States v. Ramirez, 252 F.3d 516, 519 (1st Cir. 2001)(noting that *discharged* terms of imprisonment may not be taken into consideration for statutory mandatory minimums under § 924(e)).

In sum, I find the BOP's interpretation of § 3624(b) reasonable, and that the BOP correctly began calculating petitioner's GCT credits based on the commencement of his 94 month federal sentence.

### III. Doctrine of Constitutional Avoidance and the Rule of Lenity.

Petitioner contends that the BOP's interpretation of § 3624(b) results in similarly situated defendants receiving disparate sentences based solely on the timing of their federal and state prosecutions, violating the constitutional principles of Due Process and Equal Protection. According to petitioner, his interpretation of § 3624(b) should be adopted to avoid having to address these constitutional issues. I disagree.

The doctrine of constitutional avoidance only pertains where there are "serious doubts" as to a statute's constitutionality. See U.S. v. Buckland, 289 F.3d 558, 564 (9th Cir.), cert. denied,

14 - OPINION AND ORDER

535 U.S. 1105 (2002). I have concluded that the BOP's construction of § 3624(b) does not raise serious constitutional problems. See Crampton, 2009 WL 1974481 at *5; see Barber, 130 S.Ct. at 2508-09.

The rule of lenity requires that ambiguous penal statutes be interpreted in favor of a defendant. See United States v. Santos, 553 U.S. 507 (2008). Even assuming *arguendo* that the rule of lenity applies to § 3624(b), it applies only where after "considering text, structure, history, and purpose there remains a grievous ambiguity or uncertainty in the statute." Barber, 130 S.Ct. at 2508 (internal quotations omitted). Because I have concluded that the BOP's interpretation of § 3624(b) is reasonable, no gross ambiguity remains and I need not resort to the rule of lenity to interpret § 3624(b). Id.; Pacheco-Camacho, 272 F.3d at 1271-72; Perez-Olivio v. Chavez, 394 F.3d 45, 53-54 (7th Cir. 2004); Crampton, 2009 WL 1974481 at *5.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _7__ day of SEPTEMBER, 2010.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

16 - OPINION AND ORDER